# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| v. | * | Criminal No. RWT-06-0260 |
| **EDNA GORHAM BEY.** | * | |

## MEMORANDUM OPINION

Pursuant to 18 U.S.C. § 3582(c)(2), Defendant Edna Gorham Bey has filed two motions requesting that the Court modify the criminal sentence that she currently serves. ECF Nos. 163, 165. The Court finds that the issues at hand are fully briefed and that no hearing is necessary pursuant to Local Rule 105.6. For the following reasons, Gorham Bey's motions will be denied.

## FACTS

On July 30, 2007, Gorham Bey and her husband were charged in a 15 Count Second Superseding Criminal Indictment. ECF No. 78. Gorham Bey's charges related to her involvement in a conspiracy to defraud banks, post offices, and check-cashing businesses. *See* Gorham Bey Presentence Report ¶¶ 8, 9. Between July 2001 and July 2002, she and her husband defrauded banks and other businesses by creating counterfeit versions of purchased money orders. *See id.* To perpetrate the scheme to defraud, the defendants also created and used fraudulent identification cards in their real and false names. *See id.*

A jury found Gorham Bey guilty of all of the 15 counts with which she was charged: Conspiracy to Defraud, in violation of 18 U.S.C. § 371 (Count 1); Bank Fraud, in violation of 18 U.S.C. § 1344 (Counts 2-6); Uttering Counterfeit Money Orders, in violation of 18 U.S.C. § 500 (Counts 7-13); Possession of False Identification Documents, in violation of 18 U.S.C. § 1028(a)(3) (Count 14); and Possession of Implements for Making False Identification, in violation of 18 U.S.C. § 1028(a)(5) (Count 15). Gorham Bey Judgment 1, ECF No. 138.

At her November 16, 2007 sentencing, this Court determined that Gorham Bey's total combined offense level was 24. *See* Sentencing Hr'g Tr. 118:11-13, ECF No. 151. The Court also found that Gorham Bey's past convictions resulted in seven criminal history points. One of the criminal history points was based on Gorham Bey's May 23, 2003 conviction for possession of a false driver's license in Fairfax County, Virginia ("Fairfax County conviction"). *See* Gorham Bey Presentence Report ¶¶ 38, 39. Gorham Bey was sentenced to 90 days in jail, suspended, and one year of inactive probation. *See id.* The conviction arose from Gorham Bey's providing a police officer with a fraudulent international driver's license after being stopped by the officer for driving a vehicle with invalid tags. *See id.*

Gorham Bey's seven criminal history points resulted in a criminal history category of IV. *See* U.S.S.G. Ch. 5, Part A. The United States Sentencing Guidelines ("U.S.S.G.") provide a guidelines range of 77 months to 96 months for a defendant with an offense level of 24 and a criminal history category of IV. *See id.*

Gorham Bey was sentenced to 60 months each as to Counts 1 and 7-13 and 96 months each as to Counts 2-6, 14, and 15, with the sentences on all counts to be served concurrently. *See* Gorham Bey Judgment 2.

Gorham Bey appealed her convictions to the Fourth Circuit Court of Appeals and requested a new trial because of alleged errors made by the Court. *See United States v. Gorham Bey*, 373 Fed. Appx. 394, 395 (4th Cir. 2010). The Fourth Circuit affirmed Gorham Bey's convictions on April 14, 2010, and the United States Supreme Court denied certiorari on December 6, 2010. *See id.*, *cert denied*, 131 S. Ct. 794 (2010).

On May 5, 2011, Gorham Bey filed the first of two motions currently pending, styled as a "Motion Seeking Recalculation of Erroneous Sentence Due to Intervening Change in the Sentencing Guidelines." ECF No. 163. The government filed an Opposition thereto on May 9, 2011. ECF No. 164. On June 27, 2001, Gorham Bey filed her second motion, styled as a "Motion for Modification or Reduction of Sentence Based upon an Intervening Post-sentence Change in the United States Sentencing Guidelines Pertaining to Corollary Criminal History Category (Amendment 12) which Effectively Lowers Petitioner's Term of Imprisonment." ECF No. 165.

## ANALYSIS

Gorham Bey argues that her criminal history category should be recalculated and reduced from category IV to category III. *See* Pl.'s Mot. Seeking Recalculation 1-2, ECF No. 163. Specifically, she claims that her Fairfax County conviction should have been excluded from her criminal history calculation, pursuant to Amendment 709 of the United States Sentencing Guidelines ("U.S.S.G."). *See id.* This amendment went into effect on November 1, 2007, prior to Gorham Bey's November 16, 2007 sentencing. *See* U.S.S.G. App. C, Amend. 709. In relevant part, that amendment changed U.S.S.G. § 4A1.2(c)(1) such that prior convictions for certain misdemeanor offenses would only be counted towards a defendant's criminal history category calculation if:

3

> (A) [T]he sentence [for the prior misdemeanor offense] was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense.

*See id.*; *see also* U.S.S.G. § 4A1.2(c)(1)(A)-(B).

Gorham Bey argues that under § 4A1.2(c)(1), her Fairfax County conviction should not have been included as a criminal history point because the offense with which she was charged—possession of a false driver's license—is one of the misdemeanor offenses that is not counted unless § 4A1.2(c)(1)(A) or (B) applies. *See* U.S.S.G. § 4A1.2(c)(1); *see also* Pl.'s Mot. Seeking Recalculation 2. Gorham Bey argues that § 4A1.2(c)(1)(A) does not apply because her Fairfax Country conviction did not result in more than one year of probation or at least 30 days in prison. *See* Pl.'s Mot. Seeking Recalculation 2. Gorham Bey also asks that her sentence be reduced on account of her medical conditions and the time she has spent volunteering. *See id.*

**I.    Section 3582(c)(2) Does Not Provide Jurisdiction to Lower Gorham Bey's Sentence.**

Defendant's motions have been filed pursuant to 18 U.S.C. § 3582(c)(2). The circumstances of this case, however, make clear that this statute provides Gorham Bey with no relief. Specifically, § 3582(c)(2) pertains only to situations in which a sentencing range has been lowered *after* a defendant's sentencing. This section provides in relevant part that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently been lowered* by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission (emphasis added).

Here, however, the amendment of U.S.S.G. § 4A1.2(c)(1), went into effect on November 1, 2007, prior to Gorham Bey's sentencing on November 16, 2007. Accordingly, § 3582(c)(2) does not provide a valid ground for modifying Gorham Bey's sentence.

4

**II. Gorham Bey is not entitled to Relief Under Rule 35(a) of the Federal Rules of Criminal Procedure.**

Rule 35(a) states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Because Gorham Bey's sentence was determined after the amendment of § 4A1.2(c), her motions effectively argue that her criminal history category, and consequent sentences, were calculated incorrectly. Accordingly, Gorham Bey's request for relief should have been made pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. For the purposes of deciding whether to grant or deny Gorham Bey's motions, the Court will therefore construe her motions as such.

First, Gorham Bey's motions are untimely, as they were filed much later than 14 days after Gorham Bey's sentencing in 2007. Second, the Court did not commit any error when it determined that her criminal history category was category IV.

Gorham Bey's Fairfax County conviction was properly counted as her seventh criminal history point under § 4A1.2(c)(1), resulting in her category IV criminal history category. That conviction—possession of a false driver's license—was similar to the misdemeanor offense of "providing false information to a police officer" under § 4A1.2(c)(1). This type of misdemeanor offense may be counted as a criminal history point only if the defendant received more than one year of probation or at least 30 days in prison for the offense, *see* § 4A1.2(c)(1)(A), *or* if the misdemeanor offense was similar[1] to the defendant's instant offense, *see* § 4A1.2(c)(1)(B).

---

[1] Amendment 709 also instructs courts to adopt the "common sense approach" when determining whether an offense should be considered "similar" to a misdemeanor offense listed at §4A1.2(c)(1). Specifically, the Amendment states that the Fifth Circuit's approach, first articulated in *United States v. Hardeman*, 933 F.2d 278 (5th Cir. 1991) should be used and that the following factors are relevant to the similarity analysis: "punishments imposed for the listed and unlisted offenses, the perceived seriousness of the offense as indicated by the level of punishment, the elements of the offense, the level of culpability involved, and the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct." *See* U.S.S.G. App. C, Amend. 709 at 240-41 (quoting *Hardeman*, 933 F.3d at 281).

In this case, Gorham Bey's prior offense of possession of a false driver's license was very similar to the offenses for which she serves her current sentence. Gorham Bey's money order scheme involved making and using fake identification cards and licenses to cash fraudulent money orders—the same conduct that comprised her misdemeanor offense of possession of a false driver's license on May 23, 2003. *See* Gorham Bey Presentence Report ¶¶ 9, 38-39; *see also* Opp'n 6-7. Furthermore, as the Government points out in its Opposition, the elements of one of Gorham Bey's instant convictions, "possession of false identification documents" (Count 14) are similar to those of the challenged misdemeanor offense of possession of a false driver's license. *See* Opp'n 7. Accordingly, this misdemeanor offense was properly counted as Gorham Bey's seventh criminal history point under § 4A1.2(c)(1)(B) because it is similar to her instant offenses. As such, Gorham Bey's category IV criminal history category was correctly calculated.

Thus, even if Gorham Bey's motions were procedurally proper under Rule 35(a), her arguments lack substantive merit. Accordingly, Gorham Bey's motions will be denied.

## **CONCLUSION**

For the reasons stated above, the Court will deny Gorham Bey's motions to recalculate and reduce her sentence of imprisonment. A separate order follows.

August 3, 2011 /s/
Date Roger W. Titus
United States District Judge