**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **EDNA GORHAM BEY,** | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. RWT-11-3238 |
| | * | Criminal Action No. RWT-06-260 |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Respondent. | * | |
| | * | |

**MEMORANDUM OPINION**

On November 14, 2011, Petitioner Edna Gorham-Bey filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. No. 169). On January 25, 2012, Respondent, the United States of America (the "Government"), filed an Opposition to Petitioner's Motion to Vacate Pursuant to 28 U.S.C. § 2255. (Doc. No. 174). On February 24, 2012, Petitioner filed a Memorandum of Law and Argument in Support of her Motion pursuant to 28 U.S.C. § 2255. (Doc. No. 175). On April 9, 2012, Petitioner filed an Affidavit in support of her § 2255 Motion. (Doc. No. 180). On June 12, 2012, Petitioner filed a Motion for Release Pending Appeal. (Doc. No. 182). On June 13, 2012, the Government filed a Memorandum in Opposition to Defendant's Motion for Release Pending Appeal. (Doc. No. 183).

Petitioner wrote a letter to the Court dated June 28, 2012, requesting that the Court expedite its consideration of her petition for relief and grant her motion. (Doc. No. 184). Petitioner wrote another letter to the Court dated September 11, 2012, asserting that her sentence was unlawful due to errors in calculating her criminal history. (Doc. No. 189). On September 24, 2012, this Court signed a Memorandum Opinion and Order denying without

prejudice Petitioner's Motion Seeking Appointment of Counsel for Initial Review of Collateral Petition (Doc. No. 181), denying Petitioner's Motion for Release Pending Appeal (Doc. No. 182), and ordering Respondent to respond to Petitioner's Motion to Vacate and filed documents relating thereto within sixty-days of date of the Order. (Doc. No. 190).

The Court received another letter from Petitioner dated October 1, 2012, which expresses her concerns regarding her medical condition and treatment, and requests that the Court act in her favor on her Motion to Vacate. (Doc. No. 191). On November 27, 2012, the Government filed a Supplemental Memorandum in Opposition to Defendant's Motion Pursuant to 28 U.S.C. § 2255. (Doc. No. 192). On December 10, 2012, Petitioner renewed her request for appointment of counsel and also requested copies of certain documents. (Doc. No. 193). On December 26, 2012, Petitioner filed a letter asking that the attorneys who represented the Government during her trial recuse themselves from her 28 U.S.C. § 2255 proceedings, and also again requesting that the Court appoint her counsel. (Doc. No. 194). On February 19, 2013, the Clerk received a letter from Petitioner requesting a copy of the September 26, 2012 Order. (Doc. No. 196).

## Background

In August of 2007, Ms. Gorham-Bey was convicted by a jury of fifteen fraud-related charges. On November 16, 2007, the Court sentenced Ms. Gorham-Bey to ninety-six months imprisonment on seven counts, and sixty months imprisonment on the remaining eight counts, to be served concurrently. (Doc. No. 138). The United States Court of Appeals for the Fourth Circuit affirmed Ms. Gorham-Bey's convictions on April 14, 2010. *United States v. Gorham-Bey*, No. 07-5138, 373 Fed. App'x 394 (4th Cir. 2010). The Supreme Court of the United States denied Ms. Gorham-Bey's petition for writ of certiorari on December 6, 2010.

*Gorham-Bey v. United States*, No. 10-5767, 131 S. Ct. 794 (2010). On February 28, 2011, the Supreme Court denied Ms. Gorham-Bey's petition for rehearing. *Gorham-Bey v. United States*, No. 10-5767, 131 S. Ct. 1594 (2011). On January 8, 2013, the Fourth Circuit denied Ms. Gorham-Bey's motion for release pending appeal of her motion under 28 U.S.C. § 2255, because her § 2255 motion remained pending in this Court. (Doc. No. 195).

## Analysis

Ms. Gorham-Bey's Motion Under 28 U.S.C. § 2255 and subsequent-related filings attack her convictions on two primary grounds: (1) unlawful interrogation in violation of her *Miranda* rights; and (2) ineffective assistance of trial and appellate counsel.

**I.     Petitioner's Challenges to Her Interrogation**

First, the Court addresses Ms. Gorham-Bey's argument that on at least two occasions, in 2002 and 2006, law enforcement officers subjected her to unlawful custodial interrogations without advising her of rights as articulated by the U.S. Supreme Court in *Miranda v. Arizona*, 384 U.S. 436 (1966). Before addressing the merits of Ms. Gorham-Bey's *Miranda* contentions, the Court notes that such contentions are procedurally barred from being raised in her 28 U.S.C. § 2255 action, because she has not "'show[n] cause [for failure to raise the issue on direct appeal] and actual prejudice . . . or . . . that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack [despite her procedural default].'" *United States v. Pettiford*, 612 F.3d 270, 279 n.7 (4th Cir. 2010) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)). Even had Ms. Gorham-Bey made such a showing, however, her *Miranda* arguments fail on the merits.

In *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), the Supreme Court held that the Fifth Amendment to the United States Constitution provides individuals subject to custodial police

interrogation with certain procedural safeguards, as follows: "Prior to any questioning, the person must be warned that [s]he has a right to remain silent, that any statement [s]he does make may be used as evidence against [her], and that [s]he has a right to the presence of an attorney, either retained or appointed." Ms. Gorham-Bey argues that in January of 2002, law enforcement agents held and questioned her in Maryland "for a considerable amount of time" without advising her of her *Miranda* rights. (Doc. No. 175, at 21). On July 2, 2002, law enforcement officers allegedly surrounded her vehicle and held her for more than thirty minutes during a traffic stop in Florida, without advising her of her *Miranda* rights. *Id.* Finally, Ms. Gorham-Bey argues that officers arrested her, transported her from her home in Alexandria, Virgninia, to Greenbelt, Maryland, and questioned her without informing her of her *Miranda* rights. *Id.* at 23.

Defeating each of Ms. Gorham-Bey's *Miranda* arguments, however, is that she fails to demonstrate that each of these instances constitutes circumstances where she was subject to "custodial interrogation," such that law enforcement was required to advise her of her *Miranda* rights. The inquiry with respect to whether a "suspect was 'in custody' . . . is how a reasonable [person] in the suspect's position would have understood [the] situation." *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984). Here, there is no evidence that Ms. Gorham-Bey was questioned in a custodial setting, that she was placed under arrest, detained, or forcibly removed from a vehicle. The Court therefore finds that Ms. Gorham-Bey has failed to demonstrate that law enforcement officers subjected her to unlawful custodial interrogations such that the Court must vacate her convictions and sentences on this ground.

## II. Petitioner's Arguments of Ineffective Assistance of Counsel

### A. Trial Counsel's Performance

The remainder of Ms. Gorham-Bey's arguments relate to ineffective assistance of counsel at the trial and appellate stages. Ms. Gorham-Bey contends that her trial counsel rendered ineffective assistance in failing to adequately pursue arguments relating to the presentence report, the defendant's participation in the preparation of such report, her criminal history category, an obstruction of justice enhancement, violations of the Speedy Trial Act, failure to challenge seating of a biased juror, failure to provide discovery, failure to call co-conspirator David Rosser-El as a witness, failure to request a "physical competency hearing," failure to object to prosecutorial misconduct, failure to apprise her of her right against self-incrimination before she testified, and failure to prevent exclusion of Moorish-Americans from the jury.

To prevail in her ineffective assistance of counsel claims, Ms. Gorham-Bey must make two showings. First, she "must show that counsel's performance was deficient," in "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, she must show "that the deficient performance prejudiced the defense," in that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Under this two-pronged standard, the Court "should be extraordinarily slow to second-guess counsel's trial strategy." *Roach v. Martin*, 757 F.2d 1463, 1477 (4th Cir. 1985).

Ms. Gorham-Bey has failed to satisfy the two showings with respect to any of her claims that her counsel's performance amounted to ineffective assistance. First, her argument that counsel's failure to object to consideration of her 1986 offense for purposes of enhancing her sentence in this matter finds no support in the law. Ms. Gorham-Bey's argument appears to be

5

that her trial attorney should have objected on *ex post facto* grounds; that is, that her 1986 offense pre-dated the U.S. Sentencing Guidelines, and therefore its inclusion for purposes of enhancement violates the Constitution's prohibition against imposing "punishment more severe than the punishment assigned by law when the act to be punished occurred." *Weaver v. Graham*, 450 U.S. 24, 30 (1981); *see also* U.S. Const. art. I § 9, cl. 3, § 10, cl. 1. Ms. Gorham-Bey's argument fails, however, as she was not punished for charges other than those in the indictment and her punishment was properly enhanced by her prior record.

Similarly, Ms. Gorham-Bey's arguments that her attorney rendered ineffective assistance in failing to object to inclusion of her Fairfax County offense relating to a false driver's license in calculating her sentence or to the "obstruction of justice" enhancement fail. The Fairfax County offense was properly included as part of Ms. Gorham-Bey's criminal history under U.S.S.G. § 4A1.2(c)(1) because presentation of false information to a police officer is similar to her offense at issue here, which also involved fraudulent activity. *See* U.S.S.G. § 4A1.2(c)(1)(B) (prior offense of providing "[f]alse information to a police officer" is counted if "the prior offense was similar to an instant offense"); *United States v. Harris*, 128 F.3d 850, 854-55 (4th Cir. 1997) (discussing definition of "similar" as the term is used in U.S. Sentencing Guidelines).

Next, the record strongly supports imposition of the obstruction of justice enhancement, as the Court concluded that Ms. Gorham-Bey's testimony at trial was false and warranted the enhancement under U.S.S.G. § 3C1.1, as recommended in the presentence report. *See United States v. Smith*, 62 F.3d 641, 646 (4th Cir. 1995) ("[T]he Guidelines contemplate that a defendant's commission of perjury qualifies as obstruction of justice, . . . [and] the Supreme Court has held such an enhancement constitutional.") (citing *United States v. Dunnigan*,

507 U.S. 87 (1993)).  Further, Ms. Gorham-Bey's attorney did in fact object to the obstruction of justice enhancement at her sentencing hearing.  *See* Doc. No. 151, Transcript of Sentencing Hearing, Nov. 16, 2007, at 55:14-19.

Ms. Gorham-Bey also makes an unsupported assertion that her counsel failed to allow her to be involved in production of presentencing information, despite that it is clear from the presentence report that her counsel submitted substantial information to the probation officer regarding Ms. Gorham-Bey.  Ms. Gorham-Bey's argument lacks merit because, even if her counsel advised her not to be interviewed in the presentence investigation or otherwise limited her involvement, this would constitute a strategic decision made by counsel.  Further, Ms. Gorham-Bey has not shown what, if any, prejudice she experienced as a result of her allegedly limited role in providing information to the probation officer.  In sum, Ms. Gorham-Bey has failed to show that her trial attorney rendered ineffective assistance with respect to her sentence.

Ms. Gorham-Bey mounts a barrage of allegations that her attorney's performance was ineffective during pre-trial and trial proceedings.  First, Ms. Gorham-Bey argues that her trial attorney provided ineffective assistance of counsel by allegedly going against her request not to select a juror who allegedly worked for the United States Postal Service; a "victim" in this case. (Doc. No. 175, at 7).  The Fourth Circuit requires "a showing of actual bias in cases involving alleged juror impartiality after a verdict has been reached."  *United States v. Malloy*, 758 F.2d 979, 982 n.6 (4th Cir. 1985).  The Court is unable to conclude from the record or from Ms. Gorham-Bey's arguments that the juror at issue held a bias that would have rendered the juror's service prejudicial.  Moreover, "[c]ounsel's actions during *voir dire* are presumed to be matters of trial strategy," *Connor v. Polk*, 407 F.3d 198, 207 n.5 (4th Cir. 2005) (internal

quotations and citations omitted), and the Court presumes that if a juror was employed by the U.S. Postal Service, then defense counsel made a tactical decision to use his strikes on other potential jurors.

Ms. Gorham-Bey also argues that her trial attorney failed to share and review adequate discovery items in order to prepare for trial. This argument is quite bare and conclusory, as Ms. Gorham-Bey does not provide any specificity regarding the information or discovery that she or her attorney did not review and prejudiced her at trial. *See Wagner v. United States*, 377 F. Supp. 2d 505, 509 (D.S.C. 2005 (denying ineffective assistance of counsel claim where it was based on "wholly conclusory and unsupported allegations," and noting that "numerous courts have noted that '[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.'") (quoting *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) and citing *United States v. Collins*, 68 F.3d 461, 1995 WL 606786, at *1 (4th Cir. 1995)). The conclusory nature of Ms. Gorham-Bey's argument alone is sufficient for the Court to find that it fails to show that her counsel rendered ineffective assistance. However, in addition, the record also defeats Ms. Gorham-Bey's argument. It illustrates that the Government provided comprehensive discovery and defense counsel did not raise an issue regarding such discovery at trial.

Next, Ms. Gorham-Bey claims that her trial attorney rendered ineffective assistance of counsel by failing to ensure that her co-defendant, David Rosser-El, would be present to testify at her trial. This argument fails for a number of reasons. First, Rosser-El's unavailability at trial relates in large part to Mr. Rosser-El's decisions and the U.S. Marshal Service's duties in transporting Rosser-El to the appropriate detention centers. This does not relate to Ms. Gorham-Bey's trial attorney's performance. Indeed, Ms. Gorham-Bey's trial attorney

actually requested that the Court issue a writ for Mr. Rosser-El to testify in Ms. Gorham-Bey's matter, and represented that he had communicated with Rosser-El's attorney. The Court denied a recess for her attorney to secure the presence of Rosser-El. Ms. Gorham-Bey's attorney attempted to ensure that Rosser-El would testify, despite that Rosser-El might have invoked his Fifth Amendment privilege against self-incrimination. *See* U.S. Const. amend V ("No personal . . . shall be compelled in any criminal case to be a witness against himself."). Further, it is doubtful that his testimony would have affected the outcome in Ms. Gorham-Bey's trial given the statement of facts included in his guilty plea. *Cf. United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) (noting that "the decision whether to call a defense witness is a strategic decision" demanding the assessment and balancing of perceived benefits against perceived risks, and one to which [w]e must afford . . . enormous deference.") (internal quotations and citation omitted).

    Ms. Gorham-Bey also argues that her trial attorney rendered ineffective assistance of counsel by failing to request a physical competency hearing on her behalf and failing to advise her of her right to decline to testify. With respect to her first argument, the Court was made aware of Ms. Gorham-Bey's medical condition, and the Court made specific findings with respect to her health, noting its skepticism regarding her assertions about her alleged medical conditions. Ms. Gorham-Bey presented as competent throughout the proceedings in this matter, including during her testimony. Her counsel's failure to request a competency hearing does not demonstrate deficient performance as required by *Strickland*. Next, Ms. Gorham-Bey cannot now place blame on her attorney for the consequences stemming from her decision to testify. "[T]he advice provided by a criminal defense lawyer on whether his client should testify is 'a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective

assistance.'" *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002) (quoting *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir. 1983), *cert. denied*, 464 U.S. 1065 (1984)). Furthermore, "it is the defendant who retains the ultimate authority to decide whether or not to testify." *United States v. McMeans*, 927 F.2d 162, 163 (4th Cir. 1991). Because Ms. Gorham-Bey ultimately made the decision to testify in her trial, she must carry the consequences of this decision.

Ms. Gorham-Bey additionally asks this Court to find that her trial attorney rendered ineffective assistance of counsel by failing to object to alleged prosecutorial misconduct. Such misconduct allegedly includes statements made regarding Rosser-El's criminal history, and "assassination of [character] by the government that counsel failed to object to which sabotaged" her right to a presumption of innocence. (Doc. No. 175, at 14). "In order to constitute a due process violation, the government's conduct must be so outrageous as to shock the conscience of the court." *United States v. Osborne*, 935 F.2d 32, 36 (4th Cir. 1991). "Government conduct is not outrageous simply because it may be somewhat offensive." *Id.* Here, Ms. Gorham-Bey's allegations with respect to the Government's prosecutorial misconduct are vague at best. Moreover, her attorney argued at trial to limit the Government's case-in-chief and its cross-examination of the defense's case. The allegations are insufficient to make the two showings required by *Strickland* for this Court to conclude that her trial attorney rendered ineffective assistance of counsel for failure to object to the Government's conduct.

Ms. Gorham-Bey also argues that her trial attorney failed to adequately set forth an equal protection-based argument relating to exclusion of Moorish-Americans from the grand jury and trial jury selection pools. "[I]n order to show that an equal protection violation has occurred in the context of grand jury selection, the defendant must show that the procedure employed resulted in substantial underrepresentation of his race or of the identifiable group to which [s]he

belongs." *Castaneda v. Partida*, 430 U.S. 482, 494 (1977).  Here, Ms. Gorham-Bey has failed to show that Moorish-Americans are an identifiable group that has been subject to substantial underrepresentation in grand jury pools such that an equal protection violation occurred.  Her trial attorney's failure to make arguments that Ms. Gorham-Bey now raises regarding the presence of Moorish-Americans in juries does not amount to ineffective assistance of counsel.  These arguments lack merit and Ms. Gorham-Bey has failed to show how her counsel's failure to pursue them prejudiced her case.

Finally, Ms. Gorham-Bey argues that her counsel rendered ineffective assistance of counsel by failing to pursue arguments that the proceedings violated the Speedy Trial Act, 18 U.S.C. § 3161.  The Speedy Trial Act provides that certain periods of delay are excluded in computing the time within which a trial must commence, including "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. § 3161(h)(6).  Here, Ms. Gorham-Bey made her initial appearance on June 13, 2006, and her co-defendant, David Rosser-El, made an initial appearance on September 5, 2006.  The period of delay between their appearances is excluded for purposes of the Speedy Trial Act.

Further, the Court made Orders excluding time.  First, on September 27, 2006, the Court issued an Order excluding time from September 26, 2006, through the original trial date of February 12, 2007. (Doc. No. 35).  Later, with the agreement of counsel for all parties, the Court entered an Order excluding the time period from September 5, 2006, to the trial date of August 21, 2007, from computation for purposes of the Speedy Trial Act. (Doc. No. 39).  The Court excluded time pursuant to specific provisions of the Speedy Trial act; namely, 18 U.S.C. § 3161(h)(8), due to the complexity of this case, the extensive documentary discovery, and to

allow defendants reasonable time to prepare for trial. The Court denied defendants' *pro se* motions to dismiss the indictment for violations of the Speedy Trial Act for the same reasons, after making additional findings on the issue. Trial commenced on August 21, 2007. In sum, Ms. Gorham-Bey has failed to show that her counsel rendered ineffective assistance of counsel, or that her rights were violated, with respect to the Speedy Trial Act.

### B. Appellate Counsel's Performance

Ms. Gorham-Bey argues that her appellate counsel failed to pursue issues that she requested he argue on appeal, such as arguments relating to the Speedy Trial Act, the Sentencing Guidelines, her criminal history, and the impact of the Supreme Court's decision in *Skilling v. United States*, 130 S. Ct. 2896 (2010). "Although *Strickland* involved a claim concerning the alleged ineffective assistance of the defendant's trial counsel, the right to effective assistance of appellate counsel, as well as the *Strickland* standard for evaluating an ineffective assistance of counsel claim, was extended to appellate proceedings in *Smith v. Murray*, 477 U.S. 527 (1986), and *Smith v. Robbins*, 528 U.S. 259 (2000)." *Richardson v. Branker*, 668 F.3d 128, 139 n.10 (4th Cir. 2012). "Counsel is not obligated to assert all nonfrivolous issues on appeal, as '[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Jones v. Barnes*, 463 U.S. 745, 752 (1983)).

Ms. Gorham-Bey's arguments concerning her appellate counsel's performance which concern issues already addressed fail for the same reasons discussed above. Appellate counsel wisely chose not to pursue these meritless arguments on appeal. Ms. Gorham-Bey also makes an unsupported argument that her appellate counsel should have requested a rehearing. The Court cannot conclude that her appellate counsel rendered ineffective assistance of counsel for failing

to seek a rehearing, given that her appeal did not raise particularly novel issues, and Ms. Gorham-Bey has not identified the issues that require rehearing.

Finally, Ms. Gorham-Bey argues that her appellate counsel should have raised the "decriminalization of her offense when the U.S. Supreme Court delivered their decision and opinion in *Skilling*, which said that without bribes and kickbacks, an honest services conviction could not stand." (Doc. No. 169, at 4). In *Skilling v. United States*, 130 S. Ct. 2896 (2010), the Supreme Court of the United States considered the reach of 18 U.S.C. § 1346, a statute concerning honest services fraud, with respect to bribes and kickbacks. *Id.* at 2931. *Skilling*, however, has no relevance to Ms. Gorham-Bey's case, which included charges brought under different statutory sections (e.g., 18 U.S.C. § 1344 for bank fraud) and relating to substantively different conduct. Accordingly, the Court is unable to conclude that Ms. Gorham-Bey's appellate attorney rendered ineffective assistance of counsel.

## **Conclusion**

For the foregoing reasons, the Court will deny Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 169). The Court has been able to render an opinion on the Motion without a hearing upon review of the numerous papers submitted by both parties, and the Court will therefore deny as moot Petitioner's successive motions for appointment of counsel. (Doc. Nos. 193, 194). A separate order follows.

Date: February 25, 2013                                    /s/
                                              ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE